## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

JEREMY CHARLES MOORE                                                    MOVANT

v.                                                          No. 3:18CR35-SA-RP

UNITED STATES OF AMERICA                                            RESPONDENT

### MEMORANDUM OPINION

This matter comes before the court on the motion of Jeremy Charles Moore to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2255

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the

writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*.

## Section 2255 Proceedings

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

- 2 -

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### Facts and Procedural Posture

On March 20, 2018, a federal grand jury in the Northern District of Mississippi named Jeremy Charles Moore in a one count indictment charging him with, "having previously been convicted in a court of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess a Beretta, Model 950BS, .25

- 3 -

caliber, semi-automatic pistol, serial number BER86129V; in violation of Title 18, United States Code, Sections 922(g)(1) and 924 (a)(2)." (Doc. 1).

Moore pled guilty to Count 1 on October 3, 2018. (Doc. 27). The District Court sentenced him on January 9, 2019 to a term of 46 months imprisonment followed by 3 years supervised release. (Doc. 35). The U.S. Supreme Court decided *Rehaif* on June 21, 2019. *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Moore filed the instant motion to vacate on February 3, 2020.

In the instant petition, Moore argues that his conviction should be vacated in light of the Supreme Court's decision in *Rehaif*. He argues that *Rehaif* retroactively renders his plea invalid because the District Court and the parties allegedly did not understand the essential elements regarding his § 922(g)(1) conviction on Count One of the Indictment during his guilty plea colloquy. Moore alleges that he did not know that he possessed a firearm – or that he did not know that he was a felon within the meaning of the statute.

### Discussion

*Rehaif* holds "that in prosecutions under 18 U.S.C. [§] 922(g), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of people barred from possessing a firearm." *Id*. at 2194. *Rehaif* does not insert an element into 18 U.S.C. § 922(g)(1) that a convicted felon know that he must not possess a firearm. In other words, it does not create an "ignorance of the law" defense. Instead, *Rehaif* requires only that the government prove that a defendant knew that he had previously been convicted of an offense for which he could have been sentenced to a term of incarceration exceeding one year – and that he knew he possessed a firearm.

- 4 -

Under 18 U.S.C. § 922(g), it is "unlawful for any person" who falls within one of nine enumerated categories to "possess in or affecting commerce any firearm or ammunition." Section 924(a)(2) sets out the penalties applicable to "whoever knowingly violates" Section 922(g).  Before June 2019, every court of appeals considering the issue had held that the knowledge requirement in Section 924(a)(2) applied only to the defendant's possession of a firearm or ammunition, not to his restricted status.  But in *Rehaif* the Supreme Court held that a defendant's knowledge "that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)" is an element of a Section 922(g) offense.  Although Rehaif was an alien unlawfully present in the United States, who possessed a firearm and ammunition in violation of Section 922(g)(5)(A), the Court's decision affects all Section 922(g) categories, including felons under Section 922(g)(1).

### The Record Supports a Sufficient Factual Basis for the Plea

Moore claims that in light of the Supreme Court's decision in *Rehaif*, his guilty plea is invalid.  (Doc. 39).  He argues that *Rehaif* constitutes an intervening change in the law that requires vacatur of his guilty plea.  (Doc. 39).  Moore alleges that when he entered his plea, no one in the courtroom understood the essential elements the section 922(g) offense required. (Doc. 39).  Moore also avers that he did not know that he possessed the firearm or that he did not know that he was a felon within the meaning of the statute.  (Doc. 39).  The record, however, clearly reflects that Moore knowingly possessed a firearm and, indeed, knew that he was a felon. Hence, the record supports a sufficient factual basis to prove the essential elements of the offense following the *Rehaif* decision.

The Supreme Court recently decided a case similar to the present one.  In conducting a plain-error review the Court noted, "to establish eligibility for plain-error relief, a defendant must

satisfy three threshold requirements." *Greer v. United States*, 141 S.Ct. 2090, 2096 (2021) (quoting *Rosales-Mireles v. United States*, 138 S.Ct. 1897, 1904-1905 (2018)). "*First*, there must be an error. *Second*, the error must be plain. *Third*, the error must affect "substantial rights," which generally means that there must be "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id*. The defendant has "the burden of establishing entitlement to relief for plain error." *Id* at 2097 (quoting *United States v. Dominguez Benitez*, 124 S.Ct. 2333 (2004)).

When reviewing a claim that the factual basis is insufficient to sustain a plea of guilty on plain-error review, the court may "scan the entire record for facts supporting [the defendant's] conviction," see, *United States v. Denson*, 774 F. App'x 184, 185 (5th Cir. 2019) (quoting *United States v. Ortiz*, 927 F.3d 868, 872–73 (5th Cir. 2019)), looking "beyond those facts admitted by the defendant during the plea colloquy." *United States v. Trejo*, 619 F.3d 308, 313 (5th Cir. 2010). The court must review the Presentence Investigation Report (PSR) as part of that process.

As in *Greer*, the court notes that Moore has satisfied the first two parts of plain-error review. Applying *Rehaif* retroactively in this case, an error occurred during sentencing, and the error is plain. However, the instant motion under § 2255 does not establish that the error affected Moore's "substantial rights." He clearly knew of his status as a felon, as established by his imprisonment of more than one year on a 2003 manslaughter conviction in Marshall County, Mississippi. (PSR, ¶ 34). In addition, he has a felony conviction in the United States District Court for the Northern District of Mississippi for distribution of cocaine hydrochloride in 2013.[1]

---

[1] According to Moore's presentence investigation report, he received a sentence of 18 months imprisonment for this conviction. He was released from custody after serving approximately 11 ½ months in custody. (PSR, ¶ 35).

(PSR, ¶ 35). In *United States v. Walking Bull*, the district court held that, in accordance with *Rehaif*, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year – and that this conviction constitutes knowledge that he may not possess a firearm. *United States v. Walking Bull*, 2019 WL 4256385, at *2 (D.S.D. Sep. 9, 2019).

In *Greer* the Supreme Court noted:

> [I]n a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon.

*Greer*, 141 S.Ct. at 2097. Moore was sentenced to 13 years imprisonment for the 2003 manslaughter conviction. (PSR, ¶ 34). He served approximately 5 years and 8 months in custody for that crime. (PSR, ¶ 34).

In *United States v. Bowens,* the 6th Circuit held that in a prosecution under § 922(g)(3), the Government must prove that defendants knew they were unlawful users of a controlled substance, not that they knew unlawful users of controlled substances were prohibited from possessing firearms under federal law. *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019). As mentioned above, *Rehaif* did not create within § 922(g) an ignorance-of-the-law defense; otherwise nearly every defendant could escape conviction by claiming that he was unaware of this provision of the Code. *Id*. Applying the principles found in *Walking Bull* and *Bowens*, Moore's 5 year and 8 month incarceration establishes his knowledge that he is a felon.

Knowledge of a defendant's status as a felon may be inferred from a sentence and failure to allege lack of knowledge. *United States v. Johnson*, 781 F. App'x 370, 371 (5th Cir. 2019). Though a factual basis and plea documents may not state affirmatively a defendant knew he was a convicted felon, "the record as a whole establishes that he had such knowledge." *Id.* The PSR

in *Johnson* stated that Johnson had served four years in prison on two felony convictions before committing the crime of conviction, and that was enough to sustain his conviction. *Id.*

In the instant case, Moore signed the plea agreement which states on the first page that he agreed to plead guilty to Count One and explains that count, tracking the language of the Indictment:

> [T]he defendant, having previously been convicted in a court of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, with knowingly intentionally possessing a firearm, namely, a Beretta, Model 950BS, .25 caliber, semi-automatic pistol, serial number BER86129V, in and affecting interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

(Doc. 25).

In addition, the following exchange took place during Moore's guilty plea:

> **The Court**: So you are charged, Mr. Moore, in that you - - having previously been convicted in a court of a felony, that is, a crime punishable - - excuse me - - by imprisonment for a term exceeding one year, that you did knowingly, intentionally possess a firearm, namely, a Beretta, Model 950BS, .25-caliber semi-automatic pistol, Serial Number BER86129V, in and affecting interstate commerce. Do you understand that charge?
>
> **The Defendant**: Yes, ma'am.

(Doc. 43, p. 7-8).

The PSR, to which there were no unresolved objections at sentencing, described the offense as "Felon in Possession of a Firearm." (PSR, p. 1). The PSR also noted that Moore had been convicted of manslaughter and sentenced to a 13-year term of incarceration (which he served from October 3, 2003 through June 4, 2009 in custody, (PSR, ¶ 34)) – as well as distribution of cocaine hydrochloride and sentenced to an 18 month term of incarceration (which he served from June 25, 2013 through June 16, 2014; (PSR, ¶ 35)).

At sentencing the court asked Moore if he recalled pleading guilty to "having been previously convicted of a felony and having possession of a firearm." Moore answered, "Yes,

- 8 -

ma'am." (Doc. 44, p. 2). During sentencing, the court – on multiple occasions – asked Moore if he understood. Each time he responded "Yes, ma'am." (Doc. 44, pp. 11-13). After the court pronounced Moore's sentence, he was asked, "Do you have any questions?" Moore answered, "No, ma'am." (Doc. 44, p. 13).

Moore's prior convictions and prison terms, as well as testimony and documents in the record, clearly demonstrate his knowledge that he had been convicted of crimes for which the penalty exceeded one year. Indeed, his admission to the truthfulness of the factual resume – and his significant incarceration – provide more than sufficient factual basis for the court to conclude that Moore knew he was a felon. *See Ortiz*, 927 F.3d at 874 (courts may consider the factual resume and the PSR to determine that the element of knowledge is sufficiently established). As the record in the present case establishes all of the elements of the offense, the instant motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 will be denied.

**Conclusion**

In sum, the evidence of record establishes Moore's knowledge that he had previously been convicted of a felony – and that he knowingly possessed a firearm, and the instant motion to vacate, set aside, or correct sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 22nd day of February, 2023.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE